UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                                :
JAMES TRIMBLE,                                  :
                                                :    CASE NO. 5:10-CV-00149
           Petitioner,                          :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. No. 24]
DAVID BOBBY, Warden                             :
                                                :
           Respondent.                          :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this habeas corpus case, Petitioner James Trimble files a motion under 18 U.S.C. § 3599[1]

and 28 U.S.C. § 1651 (the All Writs Act)[2] requesting on order from the Court directing the Warden

---

[1] 18 U.S.C. § 3599 provides, in pertinent part:

"§ 3599. Counsel for financially unable defendants . . .

(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f) . . .

. . . (f) Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g). No *ex parte* proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review."

[2] 28 U.S.C. 1651 provides:

"§ 1651. Writs

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Case No. 5:10-CV-00149
Gwin, J.

of Ohio State Penitentiary to transport Petitioner Trimble to the Ohio State University Medical Center, Department of Radiology, for a Positron Emission Tomography Scan (PET Scan). [Doc. 24.] Petitioner Trimble does not seek any funding to pay for the PET Scan. [*Id.*] In his petition for habeas corpus relief, filed under 28 U.S.C. § 2254, Trimble presents multiple grounds for relief. Among those grounds is a claim of ineffective assistance of counsel for failing to request funding for a PET Scan. [Doc. 19.] Trimble says that such testing was necessary because the results of the test could have been introduced at the penalty phase of his trial to support a claim of brain impairment. [Doc. 24 at 4.] Trimble now seeks an order requiring such PET Scan to be conducted so it can be made part of the record for his current habeas petition. None of the experts who examined Trimble during the state court proceedings requested a PET Scan, and during his state post-conviction petition the Ohio state trial court denied a similar request on the grounds that the particularized showing needed to justify such a test was not made. [Doc. 29 at 4]; *State v. Trimble*, 2008 WL 5147441 at *3 (Ohio Ct. App., Dec. 5, 2008). The Respondent opposes the motion, saying that the Court does not have the jurisdiction to order the Warden to convey Petitioner Trimble from the Ohio State Penitentiary and that such testing is not necessary. [Doc. 29 at 2-6.]

The Sixth Circuit recently addressed the authority of a federal district court to order state officials to cooperate with the requests of a habeas corpus petitioner in *Baze v. Parker*. 2011 WL 338040 (6th Cir., Feb. 4, 2011). In that case, the petitioner requested that the district court order state officials to cooperate with his requests for information under 18 U.S.C. § 3599 and 28 U.S.C. § 1651. The petitioner in that case argued that the "plain language of [18 U.S.C.] § 3599(f) provides

---

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

Case No. 5:10-CV-00149
Gwin, J.

[federal district court] jurisdiction and authority to prevent . . . interference with an attorney's efforts to obtain investigative service[s]." The Sixth Circuit flatly rejected this position, holding that 18 U.S.C. § 3599 only provides funding for investigations and does not provide federal courts any jurisdiction or authority to order compliance by state officials with those investigations. *Baze*, 2011 WL 338040 at *4-6. Similarly, the court also held that the All Writs Act (28 U.S.C. § 1651) does not create jurisdiction to order compliance by state officials in habeas petitioner's investigations. *Id.* at *6-7.

In reaching this decision, the Sixth Circuit explicitly disfavored a decision from the Southern District of Ohio that is nearly identical factually to the current case. In *Nields v. Bradshaw*, also a capital habeas case, the petitioner requested an order requiring the warden to convey him from the Ohio State Penitentiary for neurological imaging. 2010 WL 148076, at *1 (S.D. Ohio, Jan. 11, 2010). The Magistrate Judge granted the order, writing that the court had jurisdiction to do so under both 18 U.S.C. § 3599 and 28 U.S.C. § 1651. Four days later, the Magistrate stayed the order of conveyance pending an appeal, writing that it was a close determination and should be resolved by the Sixth Circuit. *Nields v. Bradshaw*, 2010 WL 290963, at *1 (S.D. Ohio, Jan. 15, 2010). Although the issue in *Nields* was never actually appealed, the Sixth Circuit addressed the holding in *Nields* in *Baze v. Parker*. The Sixth Circuit wrote in *Baze* that "*Nields* was wrongly decided and that the district court in this case correctly concluded that 3599(f) provides a federal court with no jurisdiction to issue any order beyond the authorization of funds." *Baze*, 2010 WL 290963, at *6.

The Court now finds that it does not have jurisdiction or authority to order Petitioner Trimble to be conveyed for his PET Scan under either the 18 U.S.C. § 3599 or 28 U.S.C. § 1651. The decision in *Baze* is directly on point and specifically holds that federal district courts do not have

-3-

Case No. 5:10-CV-00149
Gwin, J.

jurisdiction or authority to order state officials to comply with state prisoner's requests to conduct investigations in support of their post-conviction petitions. The Court, therefore, **DENIES** Petitioner Trimble's motion to convey.

    IT IS SO ORDERED.


Dated: March 14, 2011                          s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE