UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

JAMES TRIMBLE, :
: CASE NO. 5:10-CV-00149
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 31]
DAVID BOBBY, Warden :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this habeas corpus case, Petitioner James Trimble files a motion to reconsider the Court's earlier ruling denying his request for an order of conveyance. [Doc. 24; Doc. 30; Doc. 31.] The motion is opposed. [Doc. 32.] The Petitioner replied. [Doc. 34.]

In the underlying motion, Petitioner Trimble requested an order directing the Warden of Ohio State Penitentiary to transport Petitioner Trimble to the Ohio State University Medical Center, Department of Radiology, for a Positron Emission Tomography Scan (PET Scan), citing both 18 U.S.C. § 3599 and 28 U.S.C. § 1651 (the All Writs Act). [Doc. 24.] The Petitioner hopes to use this PET scan to support his claim of ineffective assistance of counsel in the sentencing phase of the underlying state action. [*Id.*] The Court denied the request, holding that under *Baze v. Parker* that did not possess jurisdiction to order the state to convey him for testing. 632 F.3d 338 (6th Cir. 2011); *Trimble v. Bobby*, 2011 WL 900997 (N.D. Ohio, Mar. 14, 2011). The Petitioner now says that the Court misapplied *Baze v. Parker* and requests that the Court correct its earlier order. [Doc.

Case No. 5:10-CV-00149
Gwin, J.

31 at 5.]

Under Federal Rule of Civil Procedure 59(e), a Court may amend an earlier order: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in controlling law; or (3) to otherwise prevent manifest injustice." CGH Transp. Inc. v. Quebecor World Inc., 261 F. App'x 817, 923 (6th Cir. 2008). The Petitioner acknowledges that *Baze* is the controlling case and attempts to factually distinguish the current suit. The Petitioner says that *Baze*'s rule is not applicable because *Baze* "confronted the issue of a habeas petitioner whose federal habeas appeals had concluded and who sought an order from the district court [ ] compel[ing] state officials to cooperate with this state clemency investigation." [Doc. 31 at 5.] The Petitioner states that the current suit is fundamentally different because the motion was filed as part of an ongoing federal habeas petition and falls into the "hypothetical the district court and the Sixth Circuit proffered [in *Baze*] as a scenario where a habeas court has the power to provide an order compelling a state official's cooperation." [*Id.* at 6-7.] Petitioner now, for the first time, argues that the Court possesses jurisdiction to issue an order of conveyance under 28 U.S.C. § 2254. [*Id.* at 7.]

The Court is not persuaded by this argument and reaffirms its holding that the Court lacks jurisdiction. The Sixth Circuit's decision in *Baze* is directly on point. In that decision, the court held that a district court lacks proper jurisdiction under either 18 U.S.C. § 3599 or 28 U.S.C. § 1651 to issue an order of conveyance and also stated that the decision in *Nields*, in which a district court granted a nearly identical request, was incorrectly decided. See *Baze*, 632 F.3d at 343; *Nields v. Bradshaw*, 2010 WL 148076 (S.D. Ohio, Jan. 11, 2010). The Sixth Circuit wrote that "*Nields* was wrongly decided and that the district court in this case [*Baze*] correctly concluded that 3599(f) provides a federal court with no jurisdiction to issue any order beyond the authorization of funds."

-2-

Case No. 5:10-CV-00149
Gwin, J.

*Baze*, 632 F.3d 338, 345 (6th Cir. 2011).

As a means of side-stepping this holding, the Petitioner points to a footnote in *Baze*. This footnote states that "Section 3599 applies to other proceedings as well, such as federal capital trials and federal habeas proceedings . . . [and] [a]lthough federal courts in such cases may have oversight powers similar to those Baze seeks here, those powers are exercised pursuant to other sources of authority, not section 3599. *See* 28 U.S.C. § 2254(e)(2) (conditions for conducting an evidentiary hearing in a habeas proceeding)." *Baze*, 632 F.3d at 342 n.3. The Petitioner says that since the Court's jurisdiction over this action stems from 28 U.S.C. § 2254, rather than the other statutes considered by the Court, that the Court possesses the authority to order compliance with his request for a PET scan.

This argument ignores the separate – and stringent – limitations under 28 U.S.C. § 2554 before additional discovery or an evidentiary hearing may be conducted. Indeed, as the Sixth Circuit even notes in *Baze* – in the very footnote upon which the Petitioner entirely rests his argument – the Petitioner must also comport with the requirements of 28 U.S.C. § 2554 before additional discovery may be conducted. *Baze*, 632 F.3d at 342 n 3. In a recent death penalty case, *Cullen v. Pinholster*, the Supreme Court addressed whether outside evidence obtained at an evidentiary hearing can be considered in determining if habeas relief is warranted under 28 U.S.C. § 2254(d)(1); 131 S. Ct. 1388. In *Pinholster*, the petitioner argued that his penalty phase attorney was ineffective because that attorney failed to introduce mitigating evidence of mental disorders. *Pinhoslter*, 131 S. Ct. at 1396. In denying the petition, the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state-court record," and that evidence acquired through use of an evidentiary hearing may not be considered. *Id.* at 1399.

Case No. 5:10-CV-00149
Gwin, J.

The Supreme Court further stated that Section 2254(e)(2) only "continues to have force where Section 2254(d)(1) does not bar federal habeas relief." *Id.* at 1401. The Supreme Court explained this holding, stating that Section 2254(d) only governs claims that were adjudicated on the merits in state court, whereas Section 2254(e)(2)'s limit on habeas discovery "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id.* *Pinholster* indicates that the Court cannot now consider the contents of outside discovery in determining if the decision of the state court was an "unreasonable application of [ ] clearly established federal law, " so long as the state court ruling was made on the merits. 28 U.S.C. § 2254(d)(1).[1/]

Based upon the record submitted, the Court finds that Petitioner Trimble's claim of ineffective assistance of counsel was litigated on the merits, and thus holds that the *Pinholster*'s prohibition on outside evidence applies here. Indeed, the argument made by Trimble for consideration of outside evidence as part of his Petition is actually quite similar to the argument that was made, and rejected by the Supreme Court, in *Pinholster*. In that case, the petitioner was convicted of murder; during his state collateral attacks, he introduced the testimony of a psychiatrist who testified regarding possible mental disorders as potential mitigating factors. *Pinholster*, 131 S. Ct. at 1396. As part of his federal habeas petition, the federal district court allowed the testimony of several additional medical experts to be admitted; these experts diagnosed the petitioner with several additional mental disorders. *Id.* at 1397. The Ninth Circuit Court of Appeals affirmed this

---

[1/] The plain language of 28 U.S.C. § 2254(d)(2) also limits the Court's review to of "the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Pinholster*, 131 S. Ct. at 1400 n. 7. Thus, under both Section of 2254(d), the Court may not consider outside evidence unless the petitioner did not already litigate the issue on the merits.

Case No. 5:10-CV-00149
Gwin, J.

ruling. *Pinholster v. Ayers*, 590 F.3d 651 (9th Cir. 2009). The Supreme Court, however, reversed the lower court and found that the petitioner in *Pinholster* had an opportunity to adjudicate his claim of ineffective assistance of counsel on the merits in state court, and thus, could not expand the record using Section 2254(e). *Pinholster*, 131 S. Ct. at 1401.

In this case, two psychologists testified regarding Petitioner Trimble's substance abuse, the effects of such abuse, and his other mental disorders during the penalty phase of his criminal trial. *State v. Trimble*, 911 N.E.2d 242, 279-285 (Ohio 2009). The PET scan, which Trimble hopes to use as additional evidence of the effects of methamphetamine use, was not originally offered as evidence during the penalty phase. [Doc. 29 at 4.] Petitioner Trimble presented his request for a PET scan to the state trial court in his state collateral attack; the court denied the request after a consideration of Trimble arguments regarding test's necessity. [Appendix, Vol. 1, pp. 3454-3465.] Similarly, the state court denied his state collateral attack, finding that none of the experts who testified at during the sentencing phase requested a PET scan and that those experts were otherwise able to testify sufficiently regarding Trimble's mental conditions and drug addictions. [Appendix, Vol. 1, pp. 3475-76.] Finally, the Eleventh Appellate District reviewed this holding, also finding that Trimble offered almost no evidence indicating that the results of a PET scan would have affected the jury's sentencing decision. *State v. Trimble*, 2008 WL 5147441, at *10 (Ohio Ct. App., Dec. 5, 2008). Thus, based on this record, Trimble had an opportunity to litigate his ineffective assistance of counsel claim on the merits in state court. Therefore, in the current habeas petition, the Court will consider whether state court's ruling on the ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of clearly established Federal law"; however, as this claim was already litigated on the merits in state court, the Court finds that Supreme Court precedent limits

Case No. 5:10-CV-00149
Gwin, J.

Trimble's ability to expand the record to include a PET scan.[2/]

Accordingly, the Court **DENIES** the Petitioner's motion for reconsideration. Under *Baze*, the Court does not possess proper jurisdiction to grant the motion to convey; moreover, even if the Court does possess proper jurisdiction under 28 U.S.C. § 2254, the Court finds that Petitioner has failed to show that such discovery is permissible.

IT IS SO ORDERED.

Dated: April 19, 2011             s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[2/] The Supreme Court noted in *Pinholster* that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Pinholster*, 131 S.Ct. at 1401 (internal quotation omitted).