UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
: 
JAMES TRIMBLE, :
: CASE NO. 5:10-CV-00149
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 39]
DAVID BOBBY, WARDEN :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner James Trimble moves the Court pursuant to 28 U.S.C. § 1292(b) to certify an interlocutory appeal of the Court's denials of his Motion to Convey and his Motion for Reconsideration; Petitioner also seeks a stay of the proceedings during the pendency of that appeal. [Doc. 39.] The Respondent opposes the motion. [Doc. 40.]

On February 24, 2011, Petitioner Trimble filed a motion to convey, seeking a Court order under 18 U.S.C. § 3599 and 28 U.S.C. § 1651, requiring the State of Ohio convey him to the Ohio State University Medical Center for a Positron Emission Topography Scan (PET Scan). [Doc. 24.] The Court denied that motion, finding that it did not have proper jurisdiction to issue such an order under *Baze v. Parker*. 632 F.3d 338 (6th Cir. 2011). On March 24, 2011, the Petitioner filed a motion to reconsider, saying that the Court misapplied *Baze* and that the Court has proper jurisdiction to issue the order under 28 U.S.C. § 2254. [Doc. 31.] The Court again denied the

Case No. 5:10-CV-00149
Gwin, J.

request, reaffirming its earlier jurisdictional holding regarding *Baze*, and also finding that even if the Court does have jurisdiction under 28 U.S.C. § 2254, that the Petitioner may not expand the record under 28 U.S.C. § 2254(e), based upon the Supreme Court's recent decision in *Cullen v. Pinholster*. 131 S. Ct. 1388 (2011). In the current motion, the Petitioner again says that the Court misapplied both of those cases and requests an interlocutory appeal. [Doc. 39.]

Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). In "exceptional cases," however, district courts may grant parties leave to take interlocutory appeals. *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted); 28 U.S.C. § 1292(b). To appeal under § 1292(b), a party must show: (1) the issue concerns a controlling question of law; (2) there exists substantial ground for difference of opinion on that issue; and (3) immediate appeal would materially advance the ultimate termination of the litigation. *In Re City of Memphis*, 293 F.3d at 350; *see also Negron v. United States*, 553 F.3d 1013, 1015 (6th Cir. 2009). The burden of showing exception circumstances justifying an interlocutory appeal rests with the party seeking review. *In Re City of Memphis*, 293 F.3d at 350.

On the first factor, "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. Thus, generally, "[a]n issue is . . . controlling if its resolution on appeal could result in a reversal of a district court's final judgment." *Gaylord Enter. Co. v. Gilmore Enter. Group*, 187 F. Supp.2d 926, 956 (M.D. Tenn. 2001). Here, resolution of an interlocutory appeal in favor of the Petitioner would not resolve this case; rather, a decision on the actual merits of his Petition would still be necessary. The Petitioner also argues that admission of a PET Scan will materially advance his argument that his penalty phase attorney was ineffective,

-2-

Case No. 5:10-CV-00149
Gwin, J.

since that attorney did not obtain and present a PET Scan to the jury. Although Petitioner Trimble views this PET Scan as central to his Petition, the Court, without reaching the merits of the Petition, is less persuaded that the PET Scan will be a crucial piece of evidence. This factor, therefore, weighs against granting the appeal.

The Court will proceed to the second factor – whether there exists substantial grounds for different opinion on the issue. Here, there are actually two issues that the Petitioner seeks to appeal: first, whether the Court applied *Baze* correctly in deciding that it did not have jurisdiction, and second, whether the Court applied *Pinholster* correctly in deciding that it could not consider new evidence that was not presented to the state court. [Doc. 39.] "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *West Tenn. Chapter of Assoc. Builders and Contractors, Inc.*, 138 F. Supp.2d 1015, 1019 (W.D. Tenn. 2000). On the application of *Baze*, the Sixth Circuit's ruling in that case has not yet been applied by other district courts. However, with regard to the only area where that decision is ambiguous – whether the Court separately possesses the authority under 28 U.S.C. § 2254 to issue the order of conveyance – the Court has already rejected that argument by determining whether the Petitioner is entitled to an expansion of the record under Section 2254. On that second issue, the Court's interpretation of *Pinholster* is generally in accord with other courts that have applied the decision, and considering the similarity between the facts of this case and *Pinholster*, an immediate appeal is unnecessary. *See Bray v. Andrews*, --- F.3d ---, 2011 WL 1544740, at *4 (6th Cir. Apr. 26, 2011) ("Our review is, as the Supreme Court recently made clear, 'limited to the record that was before the state court.'") (quoting *Pinholster*, 131 S. Ct. at 1398); *Price v. Thurmer*, 637 F.3d 831 (7th Cir. 2011); *Atkins v.*

Case No. 5:10-CV-00149
Gwin, J.

*Clarke*, 2011 WL 1419127, at *1-3 (1st Cir., Apr. 13, 2011); *Sanders v. Curtin*, 2011 WL 1753491, at *12 (E.D. Mich. May 9, 2011); *Terrell v. Howes*, 2011 WL 1705567, at *2 (W.D. Mich. May 4, 2011); *Parrish v. Simpson*, 2011 WL 1594789, at *1-5 (W.D. Ky., Apr. 27, 2011); *Palazzolo v. Burt*, 2011 WL 1526889, at *5 ( E.D. Mich. Apr. 21, 2011).

Finally, the Court will consider the third factor – whether an immediate appeal would materially advance the ultimate termination of the litigation. Such circumstances exist where appellate review could "appreciably shorten the time, effort and expense exhausted between the filing of a lawsuit and its termination." *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978). If anything, the Court finds that allowing this appeal will delay the ultimate progression of the litigation. This particular issue is not dispositive of the case and the risk that the Court's decision will be reversed is not unique to this proceeding. Thus, the Court finds that this factor also weighs against granting the appeal.

Having considered the foregoing factors, the Court finds that it would not be appropriate to grant an interlocutory appeal under 28 U.S.C. § 1292(b). The Court, therefore, **DENIES** the Petitioner's motion.

IT IS SO ORDERED.

Dated: May 20, 2011         s/ *James S. Gwin*
       JAMES S. GWIN
       UNITED STATES DISTRICT JUDGE