UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JAMES TRIMBLE, :
: CASE NO. 5:10-CV-00149
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 19, 58]
DAVID BOBBY, Warden :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner James Trimble seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, [Doc. 19], and moves for an evidentiary hearing on his fourth ground for habeas relief. With his fourth claim, he says that his trial counsel was ineffective for failing to obtain a Positron Emission Tomography ("PET") scan, and seeks an evidentiary hearing to investigate counsel's failure to request the scan. [Doc. 58.] Because the record belies Trimble's ineffective assistance of counsel claim—his trial counsel reasonably relied on medical experts, none of whom ordered or indicated any need for the tests in delivering mitigation testimony—an evidentiary hearing would be fruitless. Accordingly, the Court **DENIES** the Petitioner's motion.

**I. Background**

On January 21, 2005, Trimble shot and killed his girlfriend and her seven-year-old son. Before his apprehension by a SWAT team, he took a college student hostage and killed her as well. Following a jury trial he was convicted of three aggravated murders and sentenced to death.

Case No. 5:10-CV-00149
Gwin, J.

Trimble's history of drug use and his mental state were prominent issues throughout his trial. His court-appointed trial counsel moved for an order authorizing multiple mental evaluations, [App'x Vol. 1 at 216-217], and on February 17, 2005, the trial court granted Trimble's motion and ordered separate evaluations by psychiatrists or psychologists chosen by the prosecution and the defense, respectively. [App'x Vol. 1 at 243-246.] Trimble's trial counsel identified nine sources of medical records and assembled a capital defense team including two psychologists, Dr. Robert L. Smith, Ph.D., and Dr. Jeffrey L. Smalldon, Ph.D., and a mitigation specialist, Martha Jacoby. [App'x. Vol. 5 at 578-581.] On March 7, 2005, the trial court ordered Trimble's competence to stand trial to be evaluated by the Summit County Psycho-Diagnostic Clinic. [App'x Vol. 1 at 268-69.] None of these professionals ordered, or indicated any need for, an MRI or a PET scan.

During the sentencing phase of his trial, the defense presented extensive mitigation testimony describing Trimble's extensive drug and alcohol abuse. *See State v. Trimble*, 122 Ohio St. 3d 297, 333 (2009) (summarizing mitigation evidence). Trimble called eleven witnesses, including Dr. Robert Smith and Dr. Jeffrey Smalldon, both clinical psychologists who testified to Trimble's methamphetamine addiction and chronic substance abuse. Neither expert ordered an MRI or a PET scan, or indicated that they needed such tests or that such tests could benefit Trimble.

The jury determined that the aggravating circumstances of Trimble's crimes outweighed the mitigating factors and recommended the death sentence. [App'x Vol. 5 at 8043-8052.] On November 8, 2005, at the capital sentencing hearing, the trial court received victim impact statements, made an independent determination that the aggravating circumstances outweighed those in mitigation, and sentenced Trimble to die by lethal injection. [App'x Vol. 5 at 8091-94.]

On May 29, 2007, the Petitioner Trimble moved the trial court for state post-conviction relief,

Case No. 5:10-CV-00149
Gwin, J.

saying that his counsel was ineffective for a number of reasons, including for failing to request funds for an MRI and PET scan of his brain to support his mitigation arguments. [App'x Vol. 1 at 2945-2541.] The Petitioner also moved for the administration of a PET scan. [App'x Vol. 1 at 3454.] On October 3, 2007, the trial court denied these requests and dismissed his petition for post-conviction relief. [App'x Vol. 1 at 3465-3482.] The trial court granted summary judgment to the State on the Petitioner's claim that his trial counsel was ineffective for failing to procure an MRI or a PET scan, because neither the two defense medical experts, the court-ordered psychologist, nor the State's expert needed either test to render adequate psychological opinions as to the Petitioner's conduct. [App'x Vol. 1 at 3475-76.]

Trimble appealed the trial court's denial of his post-conviction motion, saying that he was entitled to relief or an evidentiary hearing, [App'x Vol. 1 at 3512-3552], but on December 8, 2008, the Court of Appeals affirmed the trial court wholesale. [App'x Vol. 1 at 3773-3798.] Trimble's petition for discretionary review was denied by the Ohio Supreme Court on August 6, 2009 "as not involving any substantial constitutional question." [App'x Vol. 1 at 3898.]

On November 30, 2010, Trimble petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254(d). [Doc. 19 at 21-80.] In his fourth ground for relief, Trimble alleged that his counsel was ineffective for failing to obtain brain imaging tests. Trimble moved this Court to order the tests, [Doc. 24], which motion the Court denied on March 14, 2011 [Doc. 30], and denied reconsideration on April 19, 2012. [Doc. 36.] Trimble now seeks an evidentiary hearing to investigate his trial counsel's decision not to order the tests, because the tests, if ordered, "could have" provided support for his mitigation arguments by showing brain damage from from his long-term drug abuse. [Doc.58.]

Case No. 5:10-CV-00149
Gwin, J.

## II. Standards of Law

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the sound discretion of the district court. *Schriro v. Landigrand*, 550 U.S. 465, 473 (2007). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. A hearing is unnecessary if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 747.

To prevail on his habeas claim alleging ineffective assistance of counsel, Trimble must satisfy the standards imposed by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which proscribes "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 130 S. Ct. 1855, 1866 (2010). Under AEDPA, "[a]n application for writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the State court's adjudication on the merits either:

> (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or
>
> (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). The Supreme Court established the twin components of an ineffective

-4-

Case No. 5:10-CV-00149
Gwin, J.

assistance of counsel claim in *Strickland v. Washington*, requiring both deficient performance by counsel and prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 691-97 (1984).

### III. Analysis

Trimble says that he is entitled to an evidentiary hearing to investigate his trial counsel's failure to obtain funding for a PET scan, and the extent to which that failure falls below the standard of care in Ohio. [Doc. 58 at 24-25.] But an evidentiary hearing would not enable Trimble to prove his ineffective assistance of counsel claim. The state-court record shows that Trimble's experts did not say the tests were needed to complete their evaluations, and his counsel reasonably relied on their expertise, "refut[ing] [his] factual allegations" and "preclud[ing] habeas relief." *Schriro*, 550 U.S. at 747. Simply described, Trimble's attorney cannot be faulted where no medical professional ever requested or demanded such testing.

The record refutes Trimble's ineffective assistance of counsel claim on both *Strickland* prongs. Trimble cannot show deficient performance, because it was reasonable for Trimble's trial counsel to decide to follow his retained experts' lead and not request the tests. *See Frogge v. Branker*, 286 Fed. App'x 51, 63 (4th Cir. 2008) ("When neither expert indicated to counsel a necessity for neurological testing, it was then reasonable for counsel to rely on their experts . . .") (internal citations and quotations omitted). As the Supreme Court reiterated in *Pinholster*, "*Strickland* itself rejected the notion that the same investigation will be required in every case," *Pinholster*, 131 S.Ct. at 1406-67, and Trimble shows no clearly established Federal law that would require his counsel to order medical evaluations where his medical experts did not require them to provide adequate opinions. "Counsel has a duty to make reasonable investigations *or* to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691

Case No. 5:10-CV-00149
Gwin, J.

(emphasis added). Trimble's trial counsel retained experts who fully appreciated the scope of Trimble's history with drugs, experts who did *not* ask defense counsel to obtain the tests.[1] Counsel cannot be adjudged constitutionally deficient on the basis of their reasonable deference to those experts, particularly under the "strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90.[2]

Likewise, the record shows that Trimble would be precluded from prevailing on the second *Strickland* prong. He cannot establish that he was prejudiced by counsel's failure to secure funding for the tests. As he did before the state Court of Appeals, [App'x 1 at 3789], he relies exclusively on a statement in the affidavit of one of his experts, Dr. Robert Smith, that was filed in support of his post-conviction motions. Dr. Smith, a psychologist, speculates that MRI/PET scan results "*could* have been helpful in documenting abnormalities in his brain structure." [App'x Vol. 1 at 2548 (emphasis added)]. This inconclusive statement falls well short of meeting *Strickland*'s requirement that a claimant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This standard "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Harrington v. Richter*, 131 S.Ct. 770, 791 (2011). But all Dr. Smith's statement can support, even if the tests came back as Trimble hoped and confirmed physical abnormalities, is that a different result would

---

[1] As the trial court observed, denying Trimble's post-conviction motion, "None of the four experts who examined [Trimble] requested these tests and all were able to render adequate opinions as to his conduct." App'x Vol. 1 at 3476. Despite his hypothesis as to what the unordered tests might have revealed, nowhere does Dr. Smith suggest that he asked for an MRI or PET scan. Nor did Dr. Smith, either in his trial testimony or his post-conviction affidavit, suggest that an MRI or a PET scan was necessary for adequate diagnosis and testimony.

[2] Moreover, any evidence Trimble might introduce at a federal evidentiary hearing would neither disturb that presumption nor the result. "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) *on the record that was before that state court.*" *Pinholster*, 131 S.Ct. at 1400 (emphasis added).

Case No. 5:10-CV-00149
Gwin, J.

be *conceivable*.[3]

An evidentiary hearing would not enable Trimble to prove his ineffective assistance of counsel claim. Trimble has not shown an unreasonable application of federal law,[4] and the "record refutes [Trimble's] factual allegations or otherwise precludes habeas relief." *Schriro*, 550 U.S. at 474. Accordingly, Trimble is not entitled to an evidentiary hearing and his motion is **DENIED**.

IT IS SO ORDERED.


Dated: September 5, 2012                s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[3] In addition to the possibility that the hypothesized tests would not document any helpful abnormalities, there is no showing of a substantial likelihood that with the benefit of the tests, the jury would have reversed its balance of aggravating and mitigating factors. The jury had been presented with ample evidence of Trimble's extensive drug use—Dr. Smith diagnosed Trimble as a substance abuser with alcohol and methamphetamine dependence, and his testimony recounted in detail the long-term nature, scope, and behavioral consequences of his methamphetamine addiction. [App'x Vol.5 at 7474-7490.] Trimble's drug dependence and abuse was given mitigating weight both by the trial court, [App'x Vol. 1 at 1920-21], and upon review by the Ohio Supreme Court, *Trimble*, 122 Ohio St. 3d at 339-40, but were outbalanced by the aggravating factors. There is no persuasive showing that further documenting the effects of his long-term drug abuse would have made any difference.

[4] Trimble argues that this Court is required to presume the truth of all allegations in his (denied) motion for post-conviction relief, and that failure to do so amounts to *per se* unreasonableness. He cites no post-AEDPA authority suggesting that failure to do so violates "clearly established Federal law," which instead imbues the actions of counsel with a "strong presumption of competence." *Pinholster*, 131 S.Ct. at 1407. Moreover, the proposition mangles the standard of review under AEDPA. Trimble's proposition—that on habeas review, the Court should adopt the pre-judgment state-court procedural posture, impose the opposite presumption, and defer to the allegations in his failed motion—has no support in law. To the contrary, the Court must resolve his motion for an evidentiary hearing against a backdrop of full AEDPA deference to the state court's summary judgment order. *Schiro*, 550 U.S. at 474 ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.").