UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

JAMES TRIMBLE, : CASE NO. 5:10-CV-149
:
       Petitioner, :
:
  vs. : OPINION & ORDER
: [Resolving Docs. 87, 88, 89]
CHARLOTT JENKINS, Warden, :
:
       Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner James Trimble asks this Court to authorize his appointed federal counsel to represent him as co-counsel in an upcoming state-court evidentiary hearing.[1] Respondent Jenkins opposes, arguing that this Court lacks jurisdiction under 18 U.S.C. § 3599(e) to grant Trimble's request.[2] The Court **GRANTS** the Petitioner's motion.

The Court denied Trimble's first § 2254 habeas petition.[3] Subsequently, newly uncovered evidence caused the state trial court to schedule an evidentiary hearing on March 27, 2017.[4] Petitioner is currently represented by an attorney with the Ohio Public Defender, Kathryn Stanford. Trimble asks this court to appoint his federal counsel—Stephen Newman and Joseph Wilhelm—to serve as co-counsel alongside Ms. Stanford for the evidentiary hearing.[5]

Generally, federal courts do not appoint federal counsel to represent clients in state court proceedings when there is no pending federal habeas action.[6] Here, however, the Court notes this motion closely resembles a Rule 60(b) motion. Under Rule 60(b), a court may vacate a final

---

[1] Doc. 87.
[2] Doc. 112.
[3] Doc. 86.
[4] Doc. 87 at 7.
[5] *Id.* at 9-10.
[6] *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009); *Irick v. Bell*, 636 F.3d 289, 292 (6th. Cir. 2011).

Case No. 5:10-CV-149
Gwin, J.

judgment when a Petitioner uncovers "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."[7] In this case, Petitioner's new evidence includes statements from a former Portage County deputy sheriff that police refused to turn over significant exculpatory evidence to Trimble.[8] The Petitioner could not have discovered this evidence before trial or during his initial habeas petition.

Furthermore, judicial efficiency supports appointing co-counsel for the evidentiary hearing because the hearing's scope is limited, the matter is serious, and Mr. Newman and Mr. Wilhelm are experts in this case.

For the foregoing reasons, the Court **GRANTS** the Petitioner's motion for appointment of counsel.

IT IS SO ORDERED.

Dated: February 28, 2017          *s/          James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[7] Fed. R. Civ. P. 60(b)(2).
[8] Doc. 87-1. In an email to the Portage County Public Defender's Office, former Deputy Sheriff Michael Muldowney stated "I am reaching out to you—to make sure certain information about the Trimble case are known, so Justice can be served." Sheriff Muldowney wrote that "I learned that a Rogue Swat Officer was in Sara Positano duplex during the 2hr cool off period." At trial, the state had denied that any officers had prematurely entered Positano's residence. Doc. 87 at 2.