UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| JAMES TRIMBLE, | CASE NO. 5:10-CV-0149 |
| Petitioner, | |
| v. | OPINION & ORDER |
| DAVID BOBBY, Warden, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner James Trimble moves this Court to authorize his federally appointed habeas counsel, Joseph E. Wilhelm of the Federal Public Defender's Office, to assist Assistant State Public Defender Kathryn Sandford in preparing for and participating in an evidentiary hearing scheduled for June 2026 in a pending state court post-conviction proceeding.[4] That proceeding arises under Ohio's law prohibiting execution of persons with a serious mental illness ("SMI") at the time of their offense. O.R.C. § 2953.21(A)(1)(a)(iv). Respondent opposes.[5] The Court GRANTS the motion.

I. Prior Authorization and Applicable Standard

Although this Court's federal habeas proceedings concluded in 2015, this Court retains discretion to authorize federal habeas counsel to assist in related state court proceedings "when adequate representation is unavailable." *Irick v. Bell*, 636 F.3d 289,

---

[4] Doc. 91. Trimble filed his SMI post-conviction petition in the Portage County Court of Common Pleas on April 1, 2022, alleging bipolar disorder at the time of his offense. The state trial court has scheduled an evidentiary hearing for June 2026.
[5] Doc. 93.

Case No. 5:10-cv-149
GWIN, J.

291 (6th Cir. 2011). This Court has previously exercised that discretion in this very case. In February 2017, the Court authorized Mr. Wilhelm to assist Ms. Sandford as co-counsel for an evidentiary hearing on a Motion for New Trial in state court, finding that the limited scope of the hearing, the seriousness of the matter, and counsel's expertise in the case supported authorization. Doc. 90 at 2 (Opinion & Order, Feb. 28, 2017). The same considerations apply with equal force here.

## II.  Adequacy of Representation

The *Irick* exception is functional, not formal. The question is not merely whether a licensed attorney has entered an appearance, but whether the petitioner can, as a practical matter, receive adequate representation given the actual circumstances of the proceeding. *See Irick*, 636 F.3d at 291 (appointment appropriate "when adequate representation is unavailable"). Here, the circumstances make adequate representation unavailable to Ms. Sandford without Mr. Wilhelm's assistance.

The SMI post-conviction claim rests on Trimble's mental health history — a history that is extensive, spanning decades of records and evaluations accumulated over the life of this litigation. Mr. Wilhelm and the Federal Public Defender's office have dealt with that record since their appointment in 2010. Ms. Sandford has no attorney from her office who has developed comparable familiarity with those records.

When this Court appointed the Federal Public Defender as co-counsel to Ms. Sandford, the Ohio Public Defender's office did not assign a second OPD capital attorney

Case No.  5:10-cv-149
GWIN, J.

to the case, as it normally would.[6]  The federal appointment decision itself is what left Ms. Sandford without a knowledgeable co-counsel from her own office.

The proximity of the June 2026 evidentiary hearing sharpens this concern.  There is insufficient time for a new attorney, unfamiliar with the volume and complexity of Trimble's mental health record, to prepare adequately.  Assigning a novice to the record at this late stage would not cure the adequacy problem.

Moreover, requiring a new attorney retrace and repeat the huge time investment that Mr. Wilhelm has already made would be a colossal waste, and for no good purpose.

The inadequacy that triggers the *Irick* exception here is not a preference for more experienced counsel, which the Sixth Circuit has held is insufficient.  *See Irick*, 636 F.3d at 292.  This litigation has created a gap in counsel knowledge of the record that cannot be filled on the timeline that exists.

### III.  Scope of Authorization

The Court limits the authorization granted with this order to Mr. Wilhelm's assistance to Ms. Sandford in preparing for the June 2026 evidentiary hearing on Trimble's SMI claim, including review and analysis of the mental health record relevant to that hearing.  Ms. Sandford remains lead counsel of record for the Ohio Public Defender in the Portage County proceedings.  This Order does not authorize Mr. Wilhelm to enter an appearance as counsel of record on behalf of Petitioner in the state court action.  Whether

---

[6] Doc. 87-4, Sandford Aff. ¶¶ 16–18 ("Normally, OPD assigns two qualified and experienced capital litigators to any death penalty case.  In this case, no other OPD counsel was assigned because the Federal Defender's office was appointed as my co-counsel.").

- 3 -

Case No. 5:10-cv-149
GWIN, J.

Mr. Wilhelm may formally appear before the Portage County Court of Common Pleas is a matter for that court to determine but the Court does not authorize federal payment for any state court appearance.

    For the foregoing reasons, the Court GRANTS Petitioner's Doc. 91 motion.  Joseph E. Wilhelm of the Federal Public Defender's Office is authorized to assist Assistant State Public Defender Kathryn Sandford in preparing for the SMI post-conviction evidentiary hearing in the Portage County Court of Common Pleas, including reviewing and analyzing the mental health record relevant to that proceeding.  Mr. Wilhelm is not authorized to appear as counsel of record for Petitioner in the state court action.

    IT IS SO ORDERED.

Dated: February 25, 2026                                *s/     James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE